No. 92-309

IN THE SUPREME COURT OF THE STATE OF MONTANA

1993

IN RE THE MARRIAGE OF

REBECCA GRAY WACKLER,

      Petitioner and Appellant,

  and

THOMAS PAUL WACKLER,

      Respondent and Respondent.



FILED

APR 1 3 1993

Ed Smith
CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM:   District Court of the Fourth Judicial District,
In and for the County of Missoula,
The Honorable Ed McLean, Judge presiding.

COUNSEL OF RECORD:

      For Appellant:

          Paul Neal Cooley, Skelton & Cooley,
Missoula, Montana

      For Respondent:

          Richard A. Reep, Reep, Spoon & Gordon,
Missoula, Montana

Submitted on Briefs:  December 10, 1992

Decided:  April 13, 1993

Filed:

Clerk

Justice William E. Hunt, Sr., delivered the opinion of the Court.

Petitioner Rebecca Gray Wackler appeals the decision of the Fourth Judicial District Court, Missoula County, modifying visitation, capping child support at $39,500, and failing to award her attorney fees.

We affirm.

Petitioner raises three issue for this appeal.

1. Did the District Court err in refusing to modify child support?

2. Did the District Court err in modifying visitation without providing advance notice to petitioner?

3. Did the District Court err in failing to award petitioner attorney fees and costs?

Rebecca Gray Wackler and Thomas Paul Wackler were married on December 16, 1990, in Missoula. Rebecca filed a petition for dissolution on March 12, 1991. Rebecca was pregnant at the time of filing the petition. On April 4, 1991, the parties entered into a marital and property settlement agreement. On July 9, 1991, the court found that the agreement was not unconscionable and incorporated it into the decree of dissolution. The parties were given joint custody of the child, with Rebecca designated as principal residential custodian. Thomas was to have custody of the child 25 percent of the time, with visitation to be essentially arranged by the parties. Thomas was ordered to pay $400 per month in child support until January 1992 when the parties agreed to

2

exchange information regarding their income for the purpose of applying the Uniform Child Support Guidelines.

Thomas works as a commissioned salesman and currently earns $77,000 a year. Rebecca is employed part-time as a hair stylist and has a yearly income of $7,000.

The record demonstrates that the parties have had difficulty implementing the dissolution decree. Thomas filed a motion in September 1991 requesting a clarification of visitation and day care expenses. Following a hearing, the court issued an order on October 25, 1991, establishing a visitation schedule and day care payments.

The parties failed to agree on a child support amount, based on 1991 incomes, by January 15, 1992, and on January 27, 1992, Rebecca filed a motion regarding child support. A hearing was held on February 19, 1992, and on April 20, 1992, the District Court issued its order finding that $400 a month in child support was sufficient and ordering Thomas to provide for post-high school education. In addition, the court clarified Thomas's visitation rights. Rebecca appeals the decision.

I.

Did the District Court err in refusing to modify child support?

When this Court reviews child support awards, a presumption exists in favor of the district court's determination, and this Court will reverse the district court only if it has abused its

3

discretion. In re Marriage of Sacry (Mont. 1992), 833 P.2d 1035, 1038, 49 St. Rep. 452, 453. Whenever the court issues or modifies an order relating to child support, the district court is required to determine the child support obligation on the basis of the factors set out in § 40-4-204(1) and (2), MCA, and the Uniform Child Support Guidelines adopted by the Department of Social and Rehabilitation Services. Section 40-4-204(3), MCA.

In its order, the District Court found that Thomas's yearly gross income was approximately $77,000. He is currently paying $400 a month in child support, $260 a month in day care, and $25 a month in insurance costs. Rebecca requested that the court increase the monthly child support to $557. The court found that $400 a month in child support was sufficient. In addition, the court ordered Thomas to provide for the child's post-high school education. The court based its decision on the belief that child support should not be calculated on income in excess of $39,500 and that the reasons for capping support at this level were the specific statements contained within the Uniform Child Support Guidelines.

The District Court's order was issued prior to our decision in Sacry where we concluded that the mandatory provisions of the guidelines do not apply to incomes greater than $39,500. Sacry, 833 P.2d at 1038. The $39,500 limitation does not place a cap on the amount of child support to be awarded based on incomes greater than $39,500. For incomes exceeding $39,500, the first $39,500

4

should be "first applied in the appropriate column and line which shows the number and age of the child to arrive at a minimum support amount." Sacry, 833 P.2d at 1038 (quoting 46.30.1543(2), ARM). Any parental income that exceeds the $39,500 may be used to supplement a minimum support amount. The amount of the supplement is to be determined on a case-by-case basis utilizing the factors set out in § 40-4-204(1) and (2), MCA. The district court is given broad discretion in awarding supplemental child support based on parental incomes that exceed $39,500. Sacry, 833 P.2d at 1038. Thus, the guidelines do not establish a cap on child support on incomes exceeding $39,500, but instead provide the district court with greater flexibility in setting child support payments when parental income exceeds $39,500.

Even though the District Court erred in ruling that there was a cap on the amount of child support payments because Thomas earned more than $39,500, the court's decision does not amount to reversible error. After applying the first $39,500 of Thomas's income, he is currently paying $400 a month in child support which is within the limits of the child support guidelines. Thomas is also responsible for $260 in monthly day care costs, as well as $25 per month in health insurance. In addition, Thomas is required to make arrangements to pay for any post-high school education that the child may need. We hold that the District Court did not err in refusing to modify child support.

5

II.

Did the District Court err in modifying visitation without providing advance notice to petitioner?

During the February 19, 1992, hearing, the District Court granted Thomas's oral motion to modify the visitation schedule over Rebecca's objection. The court modified visitation by giving Thomas visitation on Thursday evenings instead of Monday evenings, and clarified summer visitation, as well as allowing additional visits upon request when Thomas's relatives visit from out of town. Rebecca contends that § 40-4-208, MCA, requires that she be given notice prior to modification of visitation rights.

Section 40-4-208(1), MCA, requires notice be given for a motion to modify a decree relating to child support and maintenance. Section 40-4-217(3), MCA, grants the district court authority to modify an order granting or denying visitation "whenever modification would serve the best interest of the child . . . ." In this instance, Rebecca was not prejudiced by the lack of notice because the District Court only clarified visitation rights as a result of some apparent confusion relating to the previous visitation schedule. Rebecca's counsel was able to discuss these matters and properly raise Rebecca's concerns as to Thomas's request to extend visitation rights, which was denied. We hold that the District Court did not err in its clarification of Thomas's visitation rights.

6

                              III.

     Did the District Court err in failing to award petitioner
attorney fees and costs?

     The marital agreement entered into by the parties provided an
award of attorney fees to the prevailing party should an action be
initiated to enforce or modify the agreement.  During the hearing,
both parties requested attorney fees.  The District Court concluded
that neither side substantially prevailed in their requests and
denied attorney fees pursuant to § 40-4-110, MCA.

     The District Court has discretion to grant attorney fees after
considering the financial resources of the parties.  Section
40-4-110, MCA.  The award of attorney fees is permissive not
mandatory.  Section 40-4-110, MCA.  We will not overturn the
court's decision denying attorney fees absent an abuse of
discretion.  In re Marriage of Manus (1987), 225 Mont. 457, 733
P.2d 1275.  The District Court stated it had considered the
financial resources of the parties and that neither side
substantially prevailed in the case.  We hold that the District
Court did not err in failing to award attorney fees.

     We affirm.


                                   _____
                                                Justice


                              7

We concur:

_____
          Chief Justice

_____

_____


_____


_____


_____
          Justices

8

Justice Fred J. Weber dissents as follows:

I dissent from the conclusion on Issue I in which the District Court refused to modify the child support. I agree with the legal standard to be applied and with the standard that this Court will reverse the District Court only if it has abused its discretion. The majority referred to Sacry and pointed out that the $39,500 limitation does not place a cap on the amount of child support, because the amount above that figure may be used to supplement a minimum support amount, and thereby provides greater flexibility. The majority further concluded that even though the District Court erred in ruling there was a cap on child support payments above $39,500, the court's decision did not constitute reversible error. I do not find any factual basis for that conclusion.

In order that there may be no confusion, I quote from the District Court's order on this aspect:

> The Court noted that child support should not be calculated on income in excess of the $39,500.00 cap set forth in the Uniform Child Support Guidelines. The Court's reasons for capping support at this level are the specific statements contained within the Uniform Child Support Guidelines. The opinion of the Court that child support at $400.00 per month for this child is sufficient support and the Court has imposed a duty upon the Respondent to provide for post-high school education.

As is apparent, the District Court incorrectly concluded as a matter of law that child support should not be calculated on income in excess of $39,500. As a result, the opinion in the paragraph that the child support of $400 per month is sufficient is certainly not conclusive on this Court.

9

I also quote from the controlling Guideline which is set forth in Sacry:

> When incomes exceed this amount the first $39,500.00 should first be applied in the appropriate column and line which shows the number and age of the child to arrive at a minimum support amount. The minimum support amount should be supplemented out of the remaining parental income. The amount of the supplement must be determined on a case-by-case basis. (Emphasis supplied.)

In re the Marriage of Sacry (1992), 253 Mont. 378, 383, 833 P.2d 1034, 1038, (quoting 46.30.1543(2), ARM). (Note that 46.30.1543(2), ARM, as quoted was in effect from July 13, 1990 to July 31, 1992, and has since been superceded). As pointed out in Sacry, the court is given broad discretion. However, in the exercise of that discretion, the regulation requires that the court start with the underlying premise that "the minimum support amount should be supplemented out of the remaining parental income." 46.30.1543(2), ARM (1990). As a result of the District Court's misconstruction, it incorrectly concluded that it did not have the power to so supplement. At that point, as a matter of law, I conclude that the District Court was incorrect in applying the foregoing limitation.

I would reverse the District Court on this issue and remand in order that the court could properly redetermine the amount of child support, specifically taking into consideration the income above $39,500.

_____
Justice

Justice Karla M. Gray joins in the foregoing dissent.

_____
Justice

April 13, 1993

## CERTIFICATE OF SERVICE

I hereby certify that the following order was sent by United States mail, prepaid, to the following named:

Paul Neal Cooley
Skelton & Cooley
101 E. Main
Missoula, MT  59802

Richard Reep
Reep, Spoon & Gordon
P.O. Box 9019
Missoula, MT  59807

ED SMITH
CLERK OF THE SUPREME COURT
STATE OF MONTANA

BY: _____
Deputy